Middleton, J.
This case involves the disposition of certain costs taxed in the name of Frederick Kohler, as chief of police of the city of Cleveland, in state criminal cases originating in the police court and municipal court of that city, in which convictions were had, and costs allowed by the state and paid into the county treasury of Cuyahoga county to the credit of said chief of police.
The original action was instituted in behalf of the city of Cleveland by E. K. Wilcox, as city solicitor, who asked for a mandatory order against the clerk of the courts of ‘Cuyahoga county, and *355 the auditor and treasurer thereof, directing the payment of said costs to the city of Cleveland. The chief of police, Frederick Kohler, by cross-petition, claimed said costs, because they were taxed as his fees in the various cases involved; and the trustees of the police relief fund, by cross-petition, claimed them upon the ground that the chief of police did not personally perform the services for which the fees were taxed- and allowed, but said services were performed by subordinate members of the police force of said city, and such members, by a written agreement, had assigned and transferred their interest therein to the police relief fund, which is administered by said trustees.
In the court of common pleas demurrers were sustained to all the pleadings filed in the original action except the petition of the relator, and judgment was rendered for the city upon this petition, and a mandatory order allowed directing the payment of all of said costs to the city. This judgment appears to have been based upon the provisions of Section 4213, General Code, which reads:
“The salary of any officer, clerk or employe shall not be increased or diminished during the term for which he was elected or appointed, and, except as otherwise provided in this title, all fees pertaining to any office shall be paid into the city treasury.”
In view of the decision in the cases of Portsmouth v. Milstead and Portsmouth v. Baucus, reported in 8 C. C., N. S., 114, and subsequently affirmed by the supreme court, without opinion, in 76 Ohio St., 597, the action of the trial court *356 clearly was erroneous. These cases settle conclusively the proposition that the only fees to which the provisions of said Section 4213 apply are fees earned under municipal ordinances and regulations, and that the provisions of this section do not apply to the fees of municipal officers earned in state criminal cases. We are constrained to hold, therefore, that the learned trial court erred in rendering judgment for the city of Cleveland, and that said city is without any legal right to the fees in question. We do not, however, hold that the trial court erred in sustaining demurrers to the cross-petitions of the chief of police and the trustees of the police relief fund.
It is contended by the defendant county officials that there is no statutory authority for taxing fees to a chief of police for services in a police court or in a municipal court, and that therefore none of the present claimants to these costs has any legal right thereto.
The chief of police, Frederick Kohler, contends that he is entitled to said costs under the provisions of Sections 3016 and 4581, General Code, and relies upon these sections as authority for fixing and allowing fees to a chief of police for services in a police court. The contention of the chief of police in this respect appears to be supported by at least some slight judicial sanction. In the case of City of Delaware v. Mathews, 13 C. C., N. S., 539, affirmed without opinion in 82 Ohio St., 423, the court had under consideration the right of a chief of police to fees in a mayor’s court, but was not called upon to determine and did not decide the right of such officer to fees for services in a police *357 court. However, in this case, at page 540, the circuit court made this observation:
“The chief of police, in cities having a police court, were to receive like fees as constables and sheriffs in the probate court and before justices of the peace.”
Apparently this observation was based upon the provisions of Section 4581, above mentioned, which says:
“Other fees in the police court shall be the same in state cases as are allowed in the probate court, or before justices of the peace, in like cases, and in cases for violation of ordinances such fees as the council, by ordinance, prescribes, not exceeding the fees for like services in state cases.”
This observation by the court, under the circumstances, should not be considered more than a mere obiter dictum. However, it has been seized upon by those interested as a judicial interpretation of said section and has been claimed as authority for the allowance of fees to chiefs of police for services in a police court.
Keeping in mind the principle that the compensation of public officers must be fixed by statute, the construction thus claimed for this section will not stand analysis. Assuming that the fees named therein include fees which may be earned by a chief of police, by what rule are such fees to be determined under its provisions? First, it provides that fees in the police court in state cases shall be the same as are allowed in the probate court or before justices of the peace. Here are two distinct and separate provisions; one is that the fees shall be the same as are allowed in the *358 probate court, and the other is that the fees shall be the same as allowed before justices of the peace. Which provision, therefore, controls? The only officers who render services in the probate court and before justices of the peace similar to those performed by a chief of police in a police court are sheriffs and constables. Therefore, if the foregoing provisions of this section are to be given any operative force they must be held to provide that the fees of a chief of police shall be the same as those of a sheriff or a constable in the probate court or before justices of the peace. Now, the fees allowed in the probate court are fixed by the provisions of Section 11204, which provides that said fees shall be the same as those allowed in the court of common pleas “for like services.” The fees of a sheriff, therefore, in the probate court are fixed by the provisions of Section 2845, and we presume that this -section, also, would control his fees for any services rendered before a justice of the peace. But the fees of a constable before a justice of the peace are fixed by the provisions of Section 3347, General Code, and the fees under this section are different from the fees of a sheriff under Section 2845, aforesaid. Therefore, if we are to take Section 4581 as the statutory authority for fixing the fees of a chief of police for services in a police court, which of the two provisions of said section shall we consider as controlling? It seems that in the taxing of fees of a chief of police for such services it has been the practice, in some jurisdictions at least, to fix his fees under the section relating to constables, if ■ this section *359 provided a fee for the service to be taxed. This was done because the latter section provides a lower fee than that named in the section relating to sheriffs. But if the services rendered were those for which no fee was provided in the case of constables, then the fee as provided in the case of sheriffs was allowed. It is apparent, without further discussion, that such procedure is without any statutory authority.
In the case of The State, ex rel. Ribble, Pros. Atty., v. Kleinhoffer, 92 Ohio St., 163, the supreme court had before it for consideration the right of a humane officer to fees for services rendered by him in cases prosecuted before a justice of the peace, and the court had under consideration the provisions of Section 10076, General Code. In discussing the provisions of this section, on page 166 of the opinion, the court say:
“And again, if the pronoun 'they,’ as used in Section 10076, could be held to refer to officers other than humane officers — for example, to a sheriff or constable — it would be impossible to determine to which it does refer. And it is important and necessary that this be known, for the fees of a sheriff and those of a constable as fixed by Sections 2845 and 3347, respectively, are different.”
We think this language of the court is equivalent to a holding that if the section there under consideration could be construed as providing that humane officers should receive the same fees as a sheriff or constable for like services, it would be inoperative because of its indefiniteness. Now the *360 provisions of Section 4581, aforesaid, present precisely this situation, for the most that may be claimed for this section as authority for the fixing and allowance of fees to a chief of police is that it provides that such fees shall be' the same as those of a sheriff or constable in the probate court or before a justice of the peace. We regard the reasoning of the court in the case last cited as conclusive against any claim that said Section 4581 is effective in furnishing statutory authority for the fixing'of fees in state criminal cases in a police court to the chief of police for services rendered therein.
It is apparent that the provisions of Section 3016 do not furnish such authority, for its provisions are intended only to authorize the payment of such fees from the county treasury, and imply that under some other statute may be found the authority for fixing said fees. While it is not contended here that any authority may be found in the provisions of Section 4534 for the allowance of the fees in question, yet it is well to observe that this section is subject to the same infirmity, and nothing may be claimed for a chief of police under its favor because of the indefiniteness and uncertainty of its provisions in respect to the amount that may be allowed said officer in state cases.
It follows, therefore, that much as we might desire to sustain the legality of such allowance we must hold that the money now in the treasury of this county to the credit of the chief of police for fees earned in the police courts in the cases aforesaid is there without warrant of law and should be returned to the state treasury.
*361 It appears from the pleadings that the fees in controversy were taxed for services rendered by said chief of police between the 2d of May, 1903, and the 24th of February, 1913. It follows, therefore, that from the 1st of January, 1912, until the 24th of February, 1913, the fees so taxed were for services rendered in the municipal court of said city, and it therefore becomes necessary to consider whether the laws pertaining to that court furnish any authority for the taxing of such fees.
The law under which said services were rendered in the municipal court is found in 102 Ohio Laws, 166, in the provisions of an act passed May 10, 1911. Section 36 of that act provides as follows :
“In criminal cases all fees and costs shall be the same as now fixed in the police court of said city.”
Without considering the constitutionality of this enactment, because of the fact that it incorporates by reference provisions of a law which it at the same time repeals, it is sufficient to say that if there was no provision of law for the fixing of such fees in the police court of said city the aforesaid provision of Section 36 of said act could have no force. This act was repealed by an act to be found in 103 Ohio Laws, 682, passed April 18, 1913, which act also carries the same provision, with an amendment (page 696), however, that the “court * * * by rule * * * may establish a schedule of fees and costs to be taxed in all actions and proceedings, in no case to exceed fees and costs provided for like actions and proceedings by general law.”
*362 These provisions, however, can have no application to the fees earned prior to their enactment.
The claim of the trustees of the police relief fund to the fees in question, upon the ground that the defendant Kohler did not personally perform the services for which said fees were taxed, but that said services were rendered by subordinate police officers and their claims assigned to said trustees, must also fail, because what has been said here in respect to the lack of authority for the allowance of said fees to a chief of police applies also to all police officers. ■ There is no statute fixing the fees in a police court of any police officer in state criminal cases. We are inclined to the opinion that .under Section 13500 a warrant should be issued to the officer who is expected to serve the same, and such officer must personally perform that service to be entitled to any fees. But this matter is not material in the case of a chief of police or police officer in state criminal cases, for there is no right to fees in the first instance in a police court.
In view of the foregoing observations we are of the opinion that none of the pleadings in the original action states a cause of action and that the learned trial court should have sustained demurrers as to all pleadings before it. And we would now render the judgment that court should have rendered were it not for the fact that we believe this case should be remanded to the court of common pleas for the purpose of ■ allowing the state of Ohio to intervene by a cross-petition setting up its right to the money now in the treasury *363 of this county to the credit of said chief of police in the cases here in controversy.
Judgment reversed, and cause remanded for further proceedings according to law.
Walters and Sayre, JJ., concur.
Judges of the Fourth Appellate District, sitting, by designation, in place of Judges Grant, Carpenter and Lieghley of the Eighth Appellate District.