# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73720-1-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| KEVIN E. INGALLS, | ) ) | FILED: November 7, 2016 |
| Appellant. | ) ) ) | |

APPELWICK, J. — A jury convicted Ingalls of attempting to elude a police vehicle. Ingalls argues that the prosecutor committed misconduct during closing argument by referring to stricken evidence, shifting the burden of proof, and commenting on the defendant's silence. He argues that the trial court insufficiently responded to a question asked by the jury. He makes numerous other arguments in a statement of additional grounds for review. We affirm.

## FACTS

Washington State Patrol Trooper James Ramey observed a Ford Taurus driving erratically on the freeway. When the trooper activated his lights, the Taurus did not stop. Instead, it continued to drive between about 50 and 55 miles per hour. The trooper pulled alongside the Taurus and signaled to the driver to pull

over. He observed the driver looking straight ahead. The driver then increased speed to over 100 miles per hour. He clipped another vehicle while moving from the freeway shoulder back to a traffic lane. He then took an exit, sped through a stop light at around 90 miles per hour, and reentered the freeway. At this point, the trooper terminated pursuit for safety reasons.

Ingalls was charged with attempting to elude a police vehicle. The jury found Ingalls guilty. Ingalls appeals.

## DISCUSSION

Ingalls first argues that the prosecutor committed misconduct. Second, he argues that the trial court failed to adequately respond to a question that the jury asked during deliberations. Finally, he presents a number of arguments in a statement of additional grounds for review.

### I. Prosecutorial Misconduct

Ingalls argues that three of the prosecutor's statements during closing argument constitute prosecutorial misconduct.[1] A prosecutor has wide latitude in closing argument to draw reasonable inferences from the evidence and to express such inferences to the jury. State v. Hoffman, 116 Wn.2d 51, 94-95, 804 P.2d 577 (1991). The defendant bears the burden of proving that the prosecutor's alleged misconduct was both improper and prejudicial. State v. Emery, 174 Wn.2d 741, 756, 278 P.3d 653 (2012). The burden to establish prejudice requires the defendant to prove that there is a substantial likelihood that the instances of

---

[1] Ingalls makes this same prosecutorial misconduct argument in additional ground seven in his statement of additional grounds for review. This analysis also addresses that argument.

2

misconduct affected the jury's verdict. State v. Thorgerson, 172 Wn.2d 438, 442-43, 258 P.3d 43 (2011).

The failure to object to an improper remark constitutes a waiver of error unless it is so flagrant and ill-intentioned that it causes an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury. Id. at 443. Ingalls did not object to any of these statements. His argument on this issue is therefore waived unless the remarks were flagrant, ill-intentioned, and noncurable. See id.

First, Ingalls argues that three of the prosecutor's comments referenced evidence that the trial court had previously excluded. The trooper was the only witness to testify at trial. He testified that immediately after terminating pursuit, he looked up Department of Licensing (DOL) information on the owner of the Ford Taurus. That information included the registered owner's photograph.[2] The defense objected to the trooper's use of the DOL information on hearsay grounds. In response, the prosecutor told the court that it had intended to elicit testimony about only the trooper's procedural steps in accessing the DOL information, and not to elicit testimony about whom the photographed individual was. The court decided to give a limiting instruction to the jury: "The testimony about the trooper's procedural steps shall stand. But, to the extent that any testimony suggested that the trooper received or saw information from the department of licensing specific to this defendant, that testimony and information is stricken and the jury shall

---

[2] The trooper also identified Ingalls as the driver in court, without use of the Department of Licensing information.

3

disregard." (Emphasis added.) Then, during closing argument, the prosecutor made three separate statements that Ingalls claims refer to stricken evidence. First, the prosecutor stated that the trooper "looked at a photo." Second, he stated that the trooper "who had the opportunity to observe him identified him twice." Finally, he later stated that the trooper was "looking at things." Ingalls did not object to any of these remarks.

Ingalls now alleges that these remarks improperly referenced excluded evidence. But, none of the statements at issue refer to the trooper's substantive use of the photo (i.e., identification), which is the only portion of the testimony that the trial court excluded. The prosecutor's remarks that "he looked at a photo" and "he was there looking at things" comment only on what the trooper did, not the substance of what he saw. These are precisely the "procedural steps" that the trial court explicitly allowed to stand as evidence.

Ingalls also argues that the statement that "[t]he person who had the opportunity to observe him identified him twice" refers to the excluded evidence. But, it is unclear to which two observations (or identifications) in the record that the prosecutor was referring. The prosecutor may have been referring to the trooper's observations of the driver while alongside him during the pursuit: once while the driver was looking straight ahead without gesturing and once after the trooper signaled him to pull over, while the driver was waving his hand.[3] Or, the prosecutor

---

[3] With respect to this sequence, the trooper testified as follows:

Q. So, your passenger side is on the Taurus's driver's side?
A. Yes.
Q. Can you see through your windows?

4

may have been referring to the trooper's two separate in-court observations and identifications of Ingalls as the driver of the vehicle. Or, the prosecutor could also have been referring to any combination of those four observations. The record does not make clear that the prosecutor was referring to the excluded DOL identifying information. An objection would have allowed the trial court to clarify this reference and, if necessary, instruct the jury, but Ingalls did not object. Ingalls has not carried his burden to establish that the prosecutor violated the trial court's ruling, let alone made remarks that were flagrant, ill-intentioned, and noncurable.

Second, Ingalls argues that the prosecutor shifted the burden of proof and commented on Ingalls's silence.[4] During closing argument, the prosecutor told the jury that "[i]t's whether the defendant did it. And the unrefuted testimony is, yes, of course he did." But, stating that evidence was "unrefuted" is not related to burden allocation. A prosecutor is entitled to comment on the amount and persuasiveness of the prosecution's evidence relative to the defense's evidence. See State v. Jackson, 150 Wn. App. 877, 885-86, 209 P.3d 553 (2009) ("The mere mention that defense evidence is lacking does not constitute prosecutorial misconduct or shift the burden of proof to the defense."); State v. Osman, 192 Wn.

---

A. Yes.
Q. What do you see?
A. I see a white male with a baseball cap driving the car looking straight ahead.
. . . .
Q. And when you look and see that person and you make the motion, does he respond?
A. He did. He was still just looking straight forward and then he just started waving his hand in that kind of a motion. (Indicating.)

[4] Ingalls chose not testify. Trooper Ramey was the only witness who testified.

App. 355, 367, 366 P.3d 956 (2016) ("[A] prosecutor is entitled to point out the improbability or lack of evidentiary support for the defense theory of the case."). Here, the prosecutor merely noted that his witness's testimony is the only testimony that the jury heard. This comment did not shift the burden of proof.

Nor did the prosecutor's "unrefuted" remark improperly comment on Ingalls's right to remain silent. An improper comment on a defendant's silence occurs when the State uses a defendant's silence as evidence of guilt or suggests the silence was an admission of guilt. State v. Gregory, 158 Wn.2d 759, 838, 147 P.3d 1201 (2006), overruled on other grounds by State v. W.R., 181 Wn. 2d 757, 336 P.2d 1134 (2014). Neither occurred here. By stating that the evidence was "unrefuted," the prosecutor was merely stressing his belief as to the weight of evidence presented. He did not ask the jury to find the defendant guilty because he was silent. The statement was therefore not improper. See State v. Slone, 133 Wash. App. 120, 127, 134 P.3d 1217 (2006) ("A mere reference to silence . . . is not necessarily an impermissible comment and, therefore, not reversible constitutional error, absent a showing of prejudice.").

Ingalls has not carried his burden to show that the prosecutor's conduct was improper and prejudicial.

II.   Supplemental Jury Instructions

Ingalls next argues that the trial court failed to adequately supplement its instructions in response to a jury question. The trial court has discretion to provide the jury with supplemental instructions. CrR 6.15(f); State v. Calvin, 176 Wn. App. 1, 20, 316 P.3d 496 (2013), review granted in part on other grounds and remanded

to the trial court by 183 Wn.2d 1013, 353 P.3d 640 (2015). We therefore review the trial court's response to a jury question for abuse of discretion. See State v. Becklin, 163 Wn.2d 519, 530, 182 P.3d 944 (2008).

During deliberations, the jury asked the court, "What specific part of Officer Ramey's testimony regarding his procedure are we allowed to consider?" The court consulted with counsel in open court. Ingalls suggested an answer that repeated what the court had orally instructed the jury in ruling on the objection to the trooper's testimony. But, the court adopted the State's suggestion, and responded to the jury by stating, "The Court cannot comment upon the evidence, and you are to apply the instructions previously given." Ingalls contends this response was reversible error because it failed to adequately respond to the jury's request for clarification.

While we agree that the trial court could have responded by repeating its prior instruction, we disagree that the court abused its discretion by not doing so. During the trooper's testimony, Ingalls objected to the State's line of questioning before the trooper provided an identification based on the DOL information. All of the trooper's testimony that the jury heard regarding the DOL information was therefore procedural in nature. Even if the jury was unsure as to what it could consider, there was no substantive evidence in the record for it to improperly consider. Accordingly, the jury could not have been considering excluded evidence, and Ingalls could not have suffered any prejudice from the court's response. We find no abuse of discretion.

III.   Statement of Additional Grounds for Review

Ingalls makes 10 arguments in a statement of additional grounds for review.

A.  Pretrial Motions

Ingalls first argues that his pretrial motions were not heard.  He argues that the DOL information should have been excluded based on a pretrial motion.  But, at trial, his attorney objected to the DOL information and the trial court sustained the objection with respect to the officer's identification using the DOL photo.  This argument is therefore moot.

B.  Ineffective Assistance of Counsel

Ingalls argues that his attorney spent too much time investigating whether Ingalls was competent to stand trial, and should have devoted more time to investigating a possible alibi.  Counsel's assistance is presumed to be effective.  Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To prevail on an ineffective assistance of counsel claim, the appellant must show (1) deficient performance and (2) resulting prejudice.  State v. Turner, 143 Wn.2d 715, 730, 23 P.3d 499 (2001).  A deficient performance falls below an objective standard of reasonableness based on consideration of all of the circumstances.  State v. Thomas, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

Here, the record shows that the attorney considered the competency evaluation to be a prudent course of action.  When counsel's conduct can be attributed to legitimate strategy, performance is not deficient.  State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).  Ingalls has not rebutted the presumption that counsel was effective.

## C. Witness Credibility

Ingalls argues that Trooper Ramey's testimony was not credible. But, credibility determinations are for the jury, and we will not disturb them. State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

## D. Sufficiency of the Evidence

Ingalls challenges the sufficiency of the evidence against him, because the police never found the Ford Taurus. The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Here, finding the vehicle was not essential to any of the elements of the crime of attempting to elude a police vehicle. See RCW 46.61.024(1) ("Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony."). Evidence was sufficient to convict Ingalls of attempting to elude a police vehicle under RCW 46.61.024(1).

## E. Vindictive Prosecution

Ingalls argues that his conviction was the result of vindictive prosecution due to Ingalls's refusal to accept a plea agreement. Prosecutorial vindictiveness occurs when the government acts against a defendant in response to the defendant's prior exercise of constitutional or statutory rights. State v. Korum, 157 Wn.2d 614, 627, 141 P.3d 13 (2006). A prosecution is "vindictive" only if designed

9

to penalize a defendant for invoking legally protected rights. Id. A defendant bears the burden of showing (1) actual vindictiveness, or (2) realistic likelihood of vindictiveness. Id.

Ingalls shows neither form of vindictiveness. He was charged with a colorable crime. No evidence in the record before us shows that the prosecutor had any improper motive. We reject his vindictive prosecution argument.

F. <u>Right to Fair and Impartial Jury</u>

Ingalls alleges that the trial court erred by not granting a mistrial when the court dismissed a juror, because he had moved to an out-of-county address. The court empaneled 13 jurors in case one had to be excused. After the jury was empaneled, the court learned that one of the jurors needed to be excused based on his address. This left twelve jurors. Though the jury was still of sufficient size, Ingalls moved for a mistrial. The juror was African American. Ingalls argued that the juror, because of his race, may have a perspective more favorable to him and that the loss of that juror would be prejudicial. The trial court denied the motion for a mistrial on the grounds that twelve competent jurors remained.

We review a trial court's decision to replace a juror with an alternate juror for abuse of discretion. <u>State v. Wirth</u>, 121 Wn. App. 8, 13, 85 P.3d 922 (2004). We will overturn such a decision only if it is manifestly unreasonable or based on untenable grounds or reasons. Id. We also review a denial of a motion for mistrial for abuse of discretion. <u>State v. Rodriguez</u>, 146 Wn.2d 260, 269, 45 P.3d 541 (2002). A trial court's denial of a motion for mistrial will be overturned only when there is a substantial likelihood that the error prompting the mistrial affected the

jury's verdict. Id. at 269-70. Jurors may naturally become ill or otherwise unavailable. To that end, CrR 6.5 explicitly allows the court to seat alternate jurors so that circumstances such as the instant one need not prompt a new trial. Ingalls points to nothing in the record that shows that the trial court's decision was manifestly unreasonable. The trial court did not abuse its discretion in denying the motion for a mistrial.

G. Outstanding Motion

Finally, Ingalls argues that we failed to consider or improperly considered a motion he filed with this court prior to trial. That motion is not in the record before us. We will therefore not address it. Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994) ("An insufficient record on appeal precludes review of the alleged errors.").

Affirmed.

WE CONCUR:

Trickey, ACJ

11